NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

L.G.,

              Plaintiff,

              v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

Civil Action No. 25-01432 (ZNQ)

OPINION

QURAISHI, District Judge

THIS MATTER comes before the Court upon Plaintiff L.G.'s ("Plaintiff") appeal of the denial of her request for Disability Insurance Benefits ("DIB") under Title II and/or Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. (ECF No. 1; "Moving Br.," ECF No. 5.)  The Social Security Administration ("Defendant") filed a response brief.  (ECF No. 7.)  Plaintiff filed a reply brief.  (ECF No. 8.)

The Court reaches its decision without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  After reviewing the parties' submissions and the Administrative Record ("AR," ECF No. 4), the Court finds that the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and properly within the ALJ's decision-making authority.  Accordingly, the decision to deny Plaintiff DIB and SSI will be **AFFIRMED**.

1

## I.      BACKGROUND AND PROCEDURAL HISTORY

### A.      PROCEDURAL HISTORY

Plaintiff filed her claim for DIB on February 17, 2022, and SSI on February 17, 2023, alleging an onset date of disability on July 26, 2021.  (AR at 233–46.)  These claims were denied initially and upon reconsideration.  (*Id.* at 82, 108.)  On March 20, 2024, the ALJ held a telephonic hearing at which Plaintiff and Ms. Marian Marracco, an impartial vocational expert, testified.  (*Id.* at 34–81.)  On April 9, 2024, the ALJ denied Plaintiff's claims in a written decision, concluding that Plaintiff was neither disabled under §§ 216(i) and 223(d) of the Social Security Act nor disabled under § 1614(a)(3)(A) of the Social Security Act.  (*Id.* at 7–26.)  The Appeals Council denied Plaintiff's request for review of the ALJ's decision on January 14, 2025.  (*Id.* at 1–6.)  On February 24, 2025, Plaintiff filed the instant appeal.  (ECF No. 1.)

### B.      THE ALJ'S DECISION

The ALJ's April 9, 2024 decision set forth the Social Security Administration's five-step sequential evaluation process for determining whether an individual is disabled under the Social Security Act.  (AR at 11–21.)  The ALJ first found that Plaintiff met the insured status requirements of the Social Security Act through December 21, 2024.  (*Id.* at 12.)  At step one of the evaluation, the ALJ concluded that Plaintiff has "not engaged in substantial gainful activity since July 26, 2021, the alleged onset date," because there was no evidence of earnings after that time.  (*Id.*)

At step two, the ALJ found that Plaintiff had the severe impairments of "insulin-dependent diabetes, type I, history of right and left proximal humeral fractures, generalized anxiety disorder, and status post right shoulder repair."  (*Id.* at 12–13.)

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR

Part 404, Subpart P, Appendix 1." (*Id.* at 13–14.)  Specifically, the ALJ determined that Plaintiff's diabetes was well-controlled, and Plaintiff does not have a documented need for a device to aid in her mobility or an inability to use one or both upper extremities.  (*Id.*)  The ALJ further determined that Plaintiff was mildly limited in understanding, remembering, applying information, and interacting with others.  (*Id.*)  Plaintiff was determined to have no limitation in concentrating, and a moderate limitation in adapting or managing herself.  (*Id.*)

At step four, the ALJ discussed Plaintiff's medical history, record evidence, and hearing testimony to find that that Plaintiff "has the residual functional capacity to perform light work" except for climbing ladders, ropes, or scaffoldings, or otherwise being exposed to elevated places and moving mechanical counterparts.  (*Id.* at 15–19.)  The ALJ particularly noted Plaintiff could "occasionally reach overhead with the left, can frequently climb ramps and stairs, stoop, kneel, crouch, crawl, and balance."  (*Id.* at 15)  Additionally, the ALJ indicated Plaintiff "must avoid concentrate[d] exposure to cold" and "can tolerate occasional changes in the routine work setting." (*Id.*)

At step five, the ALJ found that Plaintiff "is unable to perform any past relevant work" as a customer service representative or animal caretaker.  (*Id.* at 20.)  In making this finding, the ALJ considered Plaintiff's age, education, work experience, and residual functional capacity ("RFC") and determined that Plaintiff "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy."  (*Id.* at 20–21.)  The ALJ consequently concluded that Plaintiff was not disabled under the Social Security Act.  (*Id.*)

## II.   SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c).

3

**III.   LEGAL STANDARD**

**A.   STANDARD OF REVIEW**

On appeal, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."   42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).

In reviewing applications for social security disability benefits, the district court has the authority to conduct a plenary review of legal issues decided by the ALJ.  *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  To survive judicial review, the Commissioner's decision must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).   In other words, substantial evidence "may be somewhat less than a preponderance of the evidence."  *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its] own conclusions for those of the fact-finder."  *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence in the record.  *See Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001).  The court must "review the record as a whole to determine whether substantial evidence supports a factual finding."  *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)).  And "[s]ince

it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason," courts require "an explanation from the ALJ of the reason why probative evidence has been rejected" to determine whether the reasons for rejection were improper. *Cotter v. Harris*, 642 F.2d 700, 706–07 (3d Cir. 1981) (citation modified).

### B.    APPLICABLE LAW

The Social Security Act defines "disability" as the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  The Act further states,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute.  *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).  "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity.  *See* 20 C.F.R. § 404.1520(b).  If so, the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's RFC and analyze whether the plaintiff can perform past relevant work. *See* 20 C.F.R. § 404.1520(e). Under C.F.R. § 404.1545, a claimant's RFC is "the most [he or she] can do" despite limitations "that affect what [he or she] can do in a work setting." 20 C.F.R. § 404.1545(a)(1). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. *See* 20 C.F.R. § 404.1520(f). Otherwise, the ALJ proceeds to the final step.

At step five—the final step—the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

## IV.    DISCUSSION

On appeal, Plaintiff challenges the ALJ's ultimate conclusion that Plaintiff is not disabled. (*See generally* Moving Br.)  Plaintiff's appeal is focused on the ALJ's RFC analysis at step four. (*Id.*)  Plaintiff argues that, in determining that Plaintiff's diabetes was controlled, the ALJ erred by failing to consider all contrary evidence. (*Id.* at 22–28.)  Specifically, Plaintiff argues that the ALJ ignored Plaintiff's history of anxiety-induced hypoglycemia, discredited Dr. Dhiren Gandhi's ("Dr. Gandhi") medical opinion as unpersuasive, and improperly relied on Plaintiff's A1C levels. (*Id.*)  Plaintiff further contends that the ALJ's RFC analysis did not consider any evidence of Plaintiff's social limitations. (*Id.* at 28–30.)

To begin, the Court will summarize the requirements for making an RFC determination, as well as summarize the ALJ's RFC assessment.  As discussed, "[a] claimant's RFC reflects 'what [the claimant] can still do despite [his or her] limitations,' 20 C.F.R. § 416.945(a), and the controlling regulations are clear that the RFC finding is a determination expressly reserved to the Commissioner rather than any medical source, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), 404.1546(c), 416.946(c)." *Morris v. Comm'r of Soc. Sec.*, Civ. No. 19-13744, 2020 WL 2764803, at *4 (D.N.J. May 28, 2020).  An RFC determination requires the ALJ to consider a claimant's symptoms and the extent to which those symptoms are reasonably consistent with objective medical or other evidence.  20 C.F.R. § 404.1529(a).  An ALJ additionally must consider all statements about a claimant's symptoms, but those statements must be corroborated by objective medical evidence that, when considered with all the other evidence, it leads to the conclusion that a claimant is disabled.  *Id.*  An ALJ must take into account all available evidence, including a claimant's medical history, laboratory findings, and statements about how the claimant is affected

7

by his or her symptoms to then determine the extent to which the claimant's functional limitations affect his or her ability to work.  *Id.*

The ALJ concluded that Plaintiff has the RFC to perform light work subject to certain limitations. (AR at 15.)  In her narrative, the ALJ recounted Plaintiff's history with Type 1 diabetes and acknowledged Plaintiff's testimony that, as she grew older, her high anxiety caused low blood sugar episodes.  (*Id.*)  Further, the ALJ observed that Plaintiff experiences hypoglycemic episodes approximately twice per month, and that those episodes can be sporadic and severe enough to cause seizures.  (*Id.* at 16.)  The ALJ noted that Plaintiff's worries or anxieties can contribute to low blood sugar, especially when she was working or worried about her customers.  (*Id.*)  The ALJ discussed Plaintiff's mitigation efforts and stated that Plaintiff regularly takes two types of insulin daily and checks her blood sugar multiple times a day.  (*Id.*)  When Plaintiff has a low blood sugar flare-up, the ALJ stated that Plaintiff takes an injectable form of glucose.  (*Id.*)  The ALJ described no other significant mobility issues but acknowledged that Plaintiff has some difficulties leaving the house due to her anxiety.  (*Id.*)

The ALJ outlined Plaintiff's history of anxiety.  (*Id*. at 17.)  The ALJ reported that Plaintiff had been managing her anxiety with her primary care physician for ten years without psychiatric evaluation.  (*Id.*)  The ALJ stated that Plaintiff only recently began seeing a therapist with respect to her anxiety and that taking anxiety medication helped manage her stress.  (*Id.*)  The ALJ described the results of a psychological consultation exam and found that the examiner observed Plaintiff's verbose nature but also found that Plaintiff's fund of knowledge was average, she was well-oriented, and she could manage her own funds.  (*Id.*)  The ALJ acknowledged that Plaintiff sought to increase the dosage of her anxiety medication, yet Plaintiff forgot to call the doctor to

make such a request. (*Id*.) The ALJ observed that Plaintiff managed her anxiety with positive self-talk and deep breathing, and Plaintiff reported a decrease in her anxiety in January 2023. (*Id*.)

While the ALJ found that Plaintiff's impairments could reasonably lead to the symptoms she described, the ALJ explained that Plaintiff's subjective testimony about the severity of her symptoms was inconsistent in comparison to the medical evidence presented in the record. (*Id*. at 16, 17–18.) Notably, the ALJ concluded Plaintiff's diabetes was under control based on a review of Plaintiff's objective medical records from 2018 to 2022, indicating normal A1C levels, as well as Plaintiff's daily efforts to monitor her blood sugar. (*Id*. at 18.) The ALJ further determined that Plaintiff's treatment regimen was conservative, despite her subjective complaints of repeated hypoglycemic episodes and anxiety, because Plaintiff sought treatment for her diabetes from only her primary care physician instead of an endocrinologist, and only recently started therapy for her anxiety. (*Id*.) The ALJ further recognized that due to Plaintiff's mental symptoms, she could tolerate occasional changes in the routine work setting and would be off task only 5%, which was not work-preclusive according to the vocational expert. (*Id*.)

The foregoing demonstrates that the ALJ fully considered Plaintiff's subjective concerns about her anxiety or stress contributing to frequent hypoglycemic episodes as required by 20 C.F.R. § 404.1529(a). While Plaintiff claims that the ALJ erred by not explicitly referencing contrary evidence, such as Plaintiff's historical complaints of low blood sugar, the ALJ was not required to do so. It is well-established that an ALJ "need not mention every piece of the evidence within the record" so long as there is "a logical connection between the evidence considered and the conclusion." *Beety-Monticelli v. Comm'r of Soc. Sec.*, 343 F. App'x 743, 747 (3d Cir. 2009) (citation omitted). Here, the ALJ rejected Plaintiff's subjective testimony about the frequency and severity of her hypoglycemia and anxiety because Plaintiff's A1C levels were objectively normal

and Plaintiff's treatment history was irregular and lacked consistency. Plaintiff's extensive citations to the record in an effort to demonstrate the frequency with which Plaintiff experiences such episodes are an attempt to have this Court re-weigh the evidence presented before the ALJ. The Court is not permitted to do that. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). The Court accordingly finds no reason to disturb the ALJ's finding.

Similarly, the Court rejects Plaintiff's concern that the ALJ improperly disregarded Dr. Gandhi's assessment that Plaintiff's anxiety and stress cause her low blood sugar episodes. "When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024) (emphases in original). The factors for consideration are (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors and must be considered. *Zabrowski*, 115 F.4th at 638; *see also* 20 C.F.R. § 404.1520c(b)(2). Here, the ALJ explained that she found Dr. Gandhi's assessment neither persuasive nor supported by the record because he merely noted Plaintiff's reports of low blood sugar that conflict with the laboratory reports resulting in normal A1C levels. (AR at 19.) On the contrary, the ALJ found the medical opinions from Dr. James Orsini and Dr. Mohammad Rizwan persuasive because they considered Plaintiff's complaints of uncontrolled blood sugars while also evaluating Plaintiff's A1C levels, and their findings were supported by and consistent with all record evidence. (*Id.*) Accordingly, the Court finds that substantial evidence supports the ALJ's decision about how much weight to afford the opinion of each medical expert.

10

Moreover, the Court is unpersuaded by Plaintiff's argument that A1C is not a proper metric by which to measure the stability of Plaintiff's diabetes. The claimant "bears the burden of establishing entitlement to disability benefits by producing competent evidence." *Alexander v. Shalala*, 927 F. Supp. 785, 792 (D.N.J. 1995) (citing 42 U.S.C. § 423(d)(5)(A)). If the claimant does not produce necessary evidence for purposes of establishing their disability, the ALJ is entitled to make a decision based on the available evidence. *See* 20 C.F.R. §§ 404.1516, 416.916. Plaintiff points to no other objective medical data in the record to discredit the ALJ's findings. In the absence of other objective evidence, the ALJ did not err and properly relied on Plaintiff's A1C levels to determine that Plaintiff's diabetes is stable and explained her reasons for doing so.

Finally, the Court finds that the ALJ properly considered Plaintiff's social limitations. At step three, the ALJ determined that Plaintiff had mild mental impairments, mild social limitations in interacting with others, no limitation in concentrating, and moderate limitations in adapting or managing oneself. (AR at 14.) An "RFC assessment does not need to contain an in-depth analysis on mental impairments when the ALJ finds earlier in [her] opinion that a claimant's mental impairments are no greater than mild." *Danielle G. v. King*, Civ. No. 22-4721, 2025 WL 354448, at *14 (D.N.J. Jan. 31, 2025) (quoting *D.C. v. Comm'r of Soc. Sec.*, Civ. No. 20-2484, 2021 WL 1851830, at *6 (D.N.J. May 10, 2021)). Having determined that Plaintiff's social limitation was mild, the ALJ did not need to incorporate that impairment into the RFC. She did so anyway. As mentioned, the ALJ accounted for Plaintiff's anxiety and her ability to interact with others in the RFC assessment. (AR 15–19.) The ALJ explained that Plaintiff demonstrated an adequate ability to interact with her medical practitioners based on a review of the records and her testimony. (*Id.* at 19.) Moreover, Plaintiff's testimony regarding her ability to manage and care for herself

11

contributed to the ALJ's determination.  (*Id.*)  The ALJ's determination was therefore reinforced with adequate support in the record.

In sum, the Court finds that the ALJ's RFC analysis was supported by the record and the ALJ comprehensively addressed Plaintiff's hypoglycemia, anxiety, and social limitations.

## V.      CONCLUSION

For the reasons stated above, the Court will **AFFIRM** the ALJ's decision to deny Plaintiff DIB and SSI.  An appropriate Order will follow.


Date: February 27, 2026

> s/ Zahid N. Quraishi
> **ZAHID N. QURAISHI**
> **UNITED STATES DISTRICT JUDGE**

12